IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOHANA GARDNER, an individual, and BRYCE GARDNER, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>DESERET MUTUAL BENEFIT ADMINISTRATORS, a Utah non-profit corporation,<br>　　　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [43] MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:14-CV-00602<br><br>District Judge David Nuffer |

　　　　Defendant Deseret Mutual Benefit Administrators ("Deseret Mutual") seeks summary dismissal of Plaintiffs Yohana Gardner and Bryce Gardner's ("the Gardners") five causes of action relating to Yohana Gardner.[1] Because Deseret Mutual's Motion for Partial Summary Judgment is untimely under the scheduling order governing this case,[2] the Motion is DENIED.

## DISCUSSION

　　　　"[A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."[3] "To the contrary, a scheduling order is an important tool necessary for the orderly preparation of a case for trial."[4] "[D]istrict courts enjoy

---

[1] *See* Mot. and Mem. in Supp. of Mot. for Partial Summ. J. on Yohana Gardner's Claims ("Motion for Partial Summary Judgment" or "Motion"), docket no. 43, filed Mar. 4, 2016.

[2] *See* Am. Scheduling Order at 3, docket no. 35, filed Nov. 9, 2015.

[3] *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D.Colo. 2014) (internal quotations omitted).

[4] *Washington v. Arapahoe County Dept. of Social Servs.*, 197 F.R.D. 439, 441 (D.Colo. 2000).

broad discretion to manage" their dockets and to consider motions that are not timely filed under their scheduling orders.[5]

The Amended Scheduling Order governing this matter set February 5, 2016, as the "[d]eadline for filing dispositive or potentially dispositive motions[.]"[6] Deseret Mutual filed its Motion for Partial Summary Judgment on March 4, 2016, approximately one month after this deadline passed. Deseret Mutual did not seek extension of the deadline, nor did it seek leave to permit the untimely filing of its Motion. Rather, Deseret Mutual argues that because the purpose of summary judgment is to narrow the issues for trial,[7] and because summary judgment motions may be granted *sua sponte*,[8] its Motion for Partial Summary Judgment should be considered regardless of its timeliness.[9] Deseret Mutual further asserts that its failure to timely file the Motion resulted from an oversight after it afforded the Gardners additional time to complete fact discovery.[10]

Given the circumstances of this case, Deseret Mutual's arguments do not excuse the untimely filing of its Motion or justify a merits review of the Motion. Deseret Mutual previously filed a timely motion for partial summary judgment as to the Gardners' causes of action relating to Bryce Gardner.[11] Deseret Mutual also acknowledged that it possessed the necessary facts and

---

[5] *C.f. Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 104 (10th Cir. 2012) (holding that district court did not abuse its discretion in denying an untimely motion for jurisdictional discovery related to a motion to dismiss); *See also Sisneros v. United States*, 2008 WL 4170361, **9-10 (D.Colo Sept. 5, 2008) (denying motions for summary judgment as untimely under the court's scheduling order).

[6] Am. Scheduling Order at 3.

[7] *See, e.g., Calvert v. Smith's Food & Drug Ctrs., Inc.*, 2007 WL 4207198, *6 (D.Utah Nov. 26, 2007).

[8] *See* FED. R. CIV. P. 56(f).

[9] *See* Reply in Supp. of Mot. and Mem. in Supp. of Mot. for Partial Summ. J. on Yohana Gardner's Claims ("Reply Memorandum") at 1-4, docket no. 49, filed Apr. 8, 2016.

[10] *See id.* at 3.

[11] *See* Am. Mot. and Mem. in Supp. of Partial Summ. J. on Bryce Gardner's Claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Retaliation, docket no. 17, filed Jan. 28, 2015.

2

evidence to timely file its Motion for Partial Summary Judgment as to the Gardners' causes of action relating to Yohana Gardner, but chose not to do so.[12] This deliberate inaction on the part of Deseret Mutual is insufficient to establish good cause to warrant an amendment of the Amended Scheduling Order's dispositive motion deadline.[13]

Moreover, the purpose of summary judgment—to narrow the issues for trial—[14] may still be satisfied in the absence of a merits review of Deseret Mutual's Motion for Partial Summary Judgment. As recognized by Deseret Mutual, Yohana Gardner's breach of contract and breach of the covenant of good faith and fair dealing claims are nearly identical to those of Bryce Gardner that were previously dismissed.[15] The Gardner's conceded this point in their opposition to the Motion for Partial Summary Judgment.[16] Summary judgment on these claims may therefore be granted *sua sponte* without resort to a merits review of the Motion for Partial Summary Judgment.[17]

Additionally, with regard to Yohana Gardner's FMLA and Title VII claims, Deseret Mutual's primary argument—that the Gardners failed to establish genuine disputes of material fact to preclude summary judgment—is premised on the propriety of the Gardners' reliance on the Undisputed Material Facts in the Memorandum Decision and Order on Deseret Mutual's prior summary judgment motion.[18] The Gardners maintain that several of these Undisputed

---

[12] *See* Reply Memorandum at 4.

[13] *See* Fed. R. Civ. P. 16(b)(4); *see also Lehman Bros. Holdings Inc.*, 300 F.R.D. at 681 ("Properly construed, good cause means that scheduling deadlines cannot be met despite a party's diligent efforts.") (internal quotations omitted)

[14] *See, e.g., Calvert v. Smith's Food & Drug Ctrs., Inc.*, 2007 WL 4207198, *6 (D.Utah Nov. 26, 2007).

[15] *See* Reply Memorandum at 4; *see also* Complaint at 15-17, docket no. 2, filed Aug. 19, 2014.

[16] *See* Mem. in Opp'n to Defs.' Mot. for Partial Summ. J. on Yohana Gardner's Claims ("Opposition Memorandum") at 2, docket no. 47, filed Apr. 1, 2016.

[17] *See* FED. R. CIV. P. 56(f)(3).

[18] *See* Reply Memorandum at 5-6.

Material Facts are directly applicable to, and preclude summary judgment on, Yohana Gardner's FMLA and Title VII claims.[19] Deseret Mutual is correct in that these Undisputed Material Facts, in and of themselves, are neither admissible as evidence nor necessarily undisputed for purposes of the Motion for Partial Summary Judgment.[20] However, the deficiency in the Gardner's opposition does not automatically entitle Deseret Mutual to the summary dismissal of Yohana Gardner's FMLA and Title VII claims.

Rule 56(e) of the Federal Rules of Civil Procedure provides for various options when "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact[.]"[21] Among these options are affording the party "an opportunity to properly support or address the fact… [or] issu[ing] any other appropriate order."[22] Rule 56(c)(3) further provides that "[t]he court need consider only the cited materials, but it may consider other materials in the record."[23] Therefore, "the court may choose not to consider the fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute."[24]

The Undisputed Material Facts that the Gardners cite to in their opposition to the Motion are a reconciliation of the parties' statements of material facts submitted in support of, and in opposition to, Deseret Mutual's prior summary judgment motion.[25] Many of these Undisputed

---

[19] *See* Opposition Memorandum at 2-4, 30-46.

[20] *See* FED. R. CIV. P. 56(e)(2), Advisory Committee Notes 2010 Amendment Subdivision (e) ("The fact is considered undisputed only for purposes of the motion; if summary judgment is denied, a party who failed to make a proper Rule 56 response or reply remains free to contest the fact in further proceedings.").

[21] *See id.* at 56(e).

[22] *See id.* at 56(e)(1), (4).

[23] *Id.* at 56(c)(3).

[24] *Id.* at 56, Advisory Committee Notes 2010 Amendment Subdivision (e).

[25] *See* Mem. Decision and Order Granting in Part and Denying in Part [17] Mot. for Partial Summ. J. at 2, docket no. 45, filed Mar. 22, 2016.

Material Facts pertain to Deseret Mutual's internal policies, its treatment of Yohana Gardner, and the circumstances surrounding its termination of her employment.[26] These Undisputed Material Facts also include citations to admissible evidence in the record,[27] and were ultimately part of the analysis that precluded summary judgment on Bryce Gardner's FMLA and Title VII claims.[28] Given these circumstances, requiring the Gardners to submit supplemental briefing[29] to properly support or address the facts raised in Deseret Mutual's Motion for Partial Summary Judgment may merely delay the denial of the Motion for Partial Summary Judgment and further proceedings in this matter. "[I]t is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event."[30] Accordingly, it is appropriate that Deseret Mutual's Motion for Partial Summary Judgment be DENIED as untimely under the Amended Scheduling Order.[31]

## ORDER

IT IS HEREBY ORDERED that Deseret Mutual's Motion for Partial Summary Judgment[32] is DENIED.

Signed April 20, 2016.

BY THE COURT

_____
David Nuffer
District Court Judge

---

[26] *See id*. at 7-14.

[27] *See id*.

[28] *See id*. at 32-40.

[29] *See* FED. R. CIV. P. 56(e)(1).

[30] *Id*. at 56, Advisory Committee Notes 2010 Amendment Subdivision (g).

[31] *See* Am. Scheduling Order at 3.

[32] Docket no. 43, filed Mar. 4, 2016.