IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOHANA GARDNER, an individual, and BRYCE GARDNER, an individual,<br><br>                      Plaintiffs,<br>v.<br><br>DESERET MUTUAL BENEFIT ADMINISTRATORS, a Utah non-profit corporation,<br>                      Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFFS' FIFTH AND SEVENTH CAUSES OF ACTION RELATING TO YOHANA GARDNER**<br><br><br>Case No. 2:14-CV-00602-DN-EJF<br><br>District Judge David Nuffer |

An order[1] entered six weeks ago granted summary judgment in favor of Defendant on Gardners' Sixth Cause of Action for breach of contract and Seventh Cause of Action for breach of covenant of good faith and fair dealing relating to Bryce Gardner. After review and consideration of Plaintiffs Yohana Gardner and Bryce Gardner's (the "Gardners") Complaint,[2] the briefing and Memorandum Decision and Order on Defendant Deseret Mutual Benefit Administrators's ("Deseret Mutual") Amended Motion for Partial Summary Judgment relating to the claims of Bryce Gardner,[3] and the briefing on Deseret Mutual's Motion for Partial Summary

---

[1] Mem. Decision and Order Granting in Part and Denying in Part [17] Mot. for Partial Summ. J., docket no. 45, filed Mar. 22, 2016.

[2] Compl., docket no. 2, filed Aug. 19, 2014.

[3] Am. Mot. and Mem. in Supp. of Partial Summ. J. on Bryce Gardner's Claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Retaliation ("Motion re Bryce Gardner Claims"), docket no. 17, filed Jan. 28, 2015; Mem. in Opp'n to Def.'s Am. Mot. and Mem. in Supp. of Partial Summ. J. on Bryce Gardner's Claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Retaliation ("Opposition re Bryce Gardner Claims"), docket no. 20, filed Mar. 23, 2015; Reply Mem. in Supp. of Am. Mot. for Partial Summ. J. ("Reply re Bryce Gardner Claims"), docket no. 25, filed Apr. 30, 2015; Mem. Decision and Order Granting in Part and Denying in Part [17] Mot. for Partial Summ. J. ("Order re Bryce Gardner Claims"), docket no. 45, entered Mar. 22, 2016.

Judgment relating to the claims of Yohana Gardner,[4] notice was provided to the parties, pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure, of the court's intent to summarily dismiss the Gardners' Fifth Cause of Action for breach of contract and Seventh Cause of Action for breach of covenant of good faith and fair dealing relating to Yohana Gardner.[5] Neither party filed a response to the notice. Accordingly, for the following reasons, the Gardners' Fifth and Seventh Causes of Action relating to Yohana Gardner are summarily dismissed.

## Table of Contents

Undisputed Material Facts ........................................................................................................... 3
Standard of Review ...................................................................................................................... 7
Discussion .................................................................................................................................... 8
    A.    No Triable Issue of Fact Exists as to the Gardners' Fifth Cause of Action for Breach of Contract Relating to Yohana Gardner and the Claim Fails as a Matter of Law ....... 8
    B.    The Gardners' Seventh Cause of Action for Breach of Covenant of Good Faith and Fair Dealing Relating to Yohana Gardner Fails as a Matter of Law .......................... 15
Order… .......................................................................................................................................16

---

[4] Mot. and Mem. in Supp. of Mot. for Partial Summ. J. on Yohana Gardner's Claims ("Motion re Yohana Gardner Claims"), docket no. 43, filed Mar. 4, 2016; Mem. in Opp'n to Def.'s Mot. for Partial Summ. J. on Yohana Gardner's Claims ("Opposition re Yohana Gardner Claims"), docket no. 47, filed Apr. 1, 2016; Reply in Supp. of Mot. and Mem. in Supp. of Mot. for Partial Summ. J. on Yohana Gardner's Claims ("Reply re Yohana Gardner Claims"), docket no. 49, filed Apr. 8, 2016.

[5] Notice from the Court re Plaintiffs' Fifth and Seventh Causes of Action relating to Yohana Gardner, docket no. 52, entered Apr. 20, 2016.

## UNDISPUTED MATERIAL FACTS

The following undisputed material facts are a reconciliation of the statements of material facts in the briefing and Memorandum Decision and Order on Deseret Mutual's Amended Motion for Partial Summary Judgment relating to the claims of Bryce Gardner,[6] and the briefing on Deseret Mutual's Motion for Partial Summary Judgment relating to the claims of Yohana Gardner.[7]

1.      Deseret Mutual is a non-profit corporation employing approximately 400 associates in their Salt Lake City office.[8]

2.      Deseret Mutual's primary function is to administer a competitive benefits program for employees of the Church of Jesus Christ of Latter-day Saints and its affiliated organizations.[9]

3.      Deseret Mutual's call center associates are divided into specialty teams, such as customer service and enrollment, and file telephone calls and written requests regarding medical and dental insurance, life insurance, disability insurance, and retirement plans.[10]

4.      Yohana Gardner was hired by Deseret Mutual as a Customer Service Representative on June 19, 2012.[11]

---

[6] Motion re Bryce Gardner Claims at 5-15, ¶¶ 1-52; Opposition re Bryce Gardner Claims at 7-60, ¶¶ 53-202; Reply re Bryce Gardner Claims at Exhibit A, docket no. 25-1, filed Apr. 30, 2015; Order re Bryce Gardner Claims at 3-22, ¶¶ 1-137.

[7] Motion re Yohana Gardner Claims at 3-14, ¶¶ 1-52; Opposition re Yohana Gardner Claims at 4-25, ¶¶ 1-10; Reply re Yohana Gardner Claims at 6-28.

[8] Order re Bryce Gardner Claims at 3, ¶ 1 (citing Motion re Bryce Gardner Claims at 5, ¶ 1; Associate Handbook § 1, DMBA00265, docket no. 17-4, filed Jan. 28, 2015); Motion re Yohana Gardner Claims at 3, ¶ 1.

[9] Order re Bryce Gardner Claims at 3, ¶ 2 (citing Motion re Bryce Gardner Claims at 5, ¶ 2; Decl. of Scott E. Eastmond in Supp. of Mot. for Partial Summ. J. ("Eastmond Declaration") ¶ 5, docket no. 17-1, filed Jan. 28, 2015); Motion re Yohana Gardner Claims at 3, ¶ 2.

[10] Order re Bryce Gardner Claims at 3, ¶ 3 (citing Motion re Bryce Gardner Claims at 5, ¶ 3; Eastmond Declaration ¶¶ 6-7); Motion re Yohana Gardner Claims at 4, ¶ 3.

5.      The primary responsibility of a Customer Service Representative at Deseret

Mutual is to:

> [P]rovide superior customer service giving accurate and efficient information to
> providers, employers and members by phone or on-line chat for multiple benefit
> plans. The plans include several Active and Retiree Medical benefits, Student
> Health benefits, Dental, Flexible Spending Life and Value Added benefits. In
> addition, this position has the responsibility for follow up work including
> outbound phone calls to customers and internal coordination with many internal
> department[s] of [Deseret Mutual].[12]

6.      The job duties of a Customer Service Representative at Deseret Mutual include:

> Compassionately answer customer service phone calls and/or online chats from
> providers, employers and members in a profession[al] manner ensuring all the
> needs of the customer are met.

> Complete phone calls including follow up work within the service and quality
> standards established by Deseret Mutual.

> Actively participate in weekly Team Meetings by sharing ideas, strengthening
> team members, reviewing procedures, and building relationships.

> Be proficient in the various systems and web applications to efficiently and
> effectively perform the job duties required in this position.[13]

7.      As part of Yohana Gardner's initial employment paperwork, she received and

signed a Conditional Offer of Employment ("Conditional Offer") that stated:

> I understand and agree that my employment is for no definite period and may,
> regardless of the date of payment of wages and salary, be terminated at any time
> without prior notice, and without cause.[14]

8.      Yohana Gardner also received and signed a Conditions of Employment Statement

on June 14, 2012 ("Employment Statement").[15]

---

[11] Motion re Yohana Gardner Claims at 4, ¶ 4; DMBA Conditional Offer of Employment ("Conditional Offer"),
DMBA 00189, docket no. 43-2, filed Mar. 4, 2016; Dep. Tr. of Yohana Gardner dated Jan. 9, 2015 ("Yohana
Gardner Deposition") at 9:14-17, docket no. 20-3, filed Mar. 23, 2015.

[12] Motion re Yohana Gardner Claims at 4, ¶ 5 (citing Deseret Mutual Job Description ("Job Description"), docket
no. 43-1, filed Mar. 4, 2016).

[13] *Id.* at 4, ¶ 6 (citing Job Description).

[14] *Id.* at 5, ¶ 11 (citing Conditional Offer; Yohana Gardner Deposition at 10:1-11:25).

9.      The Employment Statement states:

> I agree and understand that the contents of this handbook and all Deseret Mutual
> manuals dealing with employment policies are presented as a matter of
> information only and are not to be understood or construed as a promise or
> contract between Deseret Mutual and its employees. I understand and agree that I
> have received no promise from Deseret Mutual regarding potential length of
> employment or promotion of any kind. I further understand that I have the right to
> terminate my employment at any time and that Deseret Mutual retains a similar
> right.[16]

10.      Yohana Gardner testified that she understood the Employment Statement to mean
that Deseret Mutual "can terminate you at any time. That they don't have a contract of how long
you're there."[17]

11.      Yohana Gardner also testified that she understood that "[i]t's their company. It's
just that, they can fire you at any time."[18]

12.      Deseret Mutual's Human Resources Policy Manual ("HR Manual"), which is a
portion of Deseret Mutual's employee handbook, states:

> It is the policy of Deseret Mutual that its human resources Policies are to be used
> as an outline of the basic Human Resources practices and procedures for Deseret
> Mutual. They are not intended to alter the employment-at-will relationship in any
> way. (See <u>Employment-At-Will, Policy 106</u>.)[19]

---

[15] *Id*. at 5, ¶ 12 (citing Conditions of Employment Statement ("Employment Statement"), DMBA00185, <u>docket no. 43-4</u>, filed Mar. 4, 2016; Yohana Gardner Deposition at 12:1-13:25).

[16] *Id*. at 5, ¶ 13 (citing Employment Statement).

[17] *Id*. at 6, ¶ 14 (citing Yohana Gardner Deposition at 13:8-13).

[18] *Id*. at 6, ¶ 15 (citing Yohana Gardner Deposition at 14:9-10).

[19] *Id*. at 6, ¶ 16 (citing Deseret Mutual Human Resources Policy Manual ("HR Manual") at 102 – Functions of Human Resources Policies – 04/06, GNR00188, docket no.43-5, filed Mar. 4, 2016 (emphasis in original)); Order re Bryce Gardner Claims at 4-5, ¶ 13 (citing Motion re Bryce Gardner Claims at 7, ¶ 13; HR Manual at 102 – Functions of Human Resources Policies – 04/06, GNR00188 (emphasis in original)).

13.     Policy 106 of the HR Manual outlines that:

It is the policy of Deseret Mutual that all associates who do not have a written employment contract with Deseret Mutual for a specific, fixed term of employment are employed at the will of Deseret Mutual for an indefinite period.[20]

14.     Comment 1 to Policy 106 of the HR Manual states:

Associates who do not have a separate, individual written employment contract are employed at the will of Deseret Mutual and are subject to termination at any time, for any reason, with or without cause or notice.[21]

15.     Comment 2 to Policy 106 of the HR Manual states:

No Deseret Mutual representative is authorized to modify this policy for any associate or to enter into any agreement, oral or written, that changes the at-will relationship.[22]

16.     Comment 3 to Policy 106 of the HR Manual further clarifies that:

This policy may not be modified by any statements contained elsewhere in Deseret Mutual Human Resources policies, or any other associate handbooks, employment applications, Deseret Mutual recruiting materials, Deseret Mutual memoranda, or other materials provided to applicants and associates in connection with their employment. None of these documents, whether singly or combined, create an express or implied contract of employment for a definite period, … or an express or implied contract concerning any terms or conditions of employment. Similarly, Deseret Mutual policies and practices with respect to any matter are not to be considered as creating any contractual obligation on Deseret Mutual's part or as stating in any way that termination will occur only for "just cause." Statements of specific grounds for termination set forth in Human Resources policies or in any other Deseret Mutual documents are examples only, not all-inclusive lists, and are not intended to restrict Deseret Mutual's right to terminate at-will.[23]

---

[20] Motion re Yohana Gardner Claims at 6, ¶ 17 (citing HR Manual at 106 – Employment-At-Will – 04/06, GNR00193); Order re Bryce Gardner Claims at 5, ¶ 14 (citing Motion re Bryce Gardner Claims at 7-8, ¶ 14; HR Manual at 106 – Employment-At-Will – 04/06, GNR00193).

[21] Motion re Yohana Gardner Claims at 6, ¶ 18 (citing HR Manual at 106 – Employment-At-Will – 04/06, GNR00193); Order re Bryce Gardner Claims at 5, ¶ 15 (citing Motion re Bryce Gardner Claims at 8, ¶ 15; HR Manual at 106 – Employment-At-Will – 04/06, GNR00193).

[22] Motion re Yohana Gardner Claims at 7, ¶ 19 (citing HR Manual at 106 – Employment-At-Will – 04/06, GNR00194); Order re Bryce Gardner Claims at 5, ¶ 16 (citing Motion re Bryce Gardner Claims at 8, ¶ 16; HR Manual at 106 – Employment-At-Will – 04/06, GNR00194).

[23] Motion re Yohana Gardner Claims at 7, ¶ 20 (citing HR Manual at 106 – Employment-At-Will – 04/06, GNR00194); Order re Bryce Gardner Claims at 5-6, ¶ 17 (citing Motion re Bryce Gardner Claims at 8, ¶ 17; HR Manual at 106 – Employment-At-Will – 04/06, GNR00194).

17.     Policy 211 of the HR Manual also provides that:

It is the policy of Deseret Mutual to terminate employment because of an associate's resignation, discharge, retirement, expiration of an employment contract, or permanent reduction in the work force. Discharge can be for any reason not prohibited by law. In the absence of a specific written agreement, associates are free to resign at any time and for any reason and Deseret Mutual reserves the right to terminate employment at any time and for any reason.[24]

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[26] In determining whether there is a genuine dispute of material fact, the district court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[27]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[28] For purposes of applying the summary judgment standard of review in this Memorandum Decision and Order, Deseret Mutual is considered the movant and the Gardners are considered the nonmovants. [29]

---

[24] Motion re Yohana Gardner Claims at 7, ¶ 21 (citing HR Manual at 211 – Termination of Employment – 04/06, GNR00220); Order re Bryce Gardner Claims at 6, ¶ 18 (citing Motion re Bryce Gardner Claims at 8-9, ¶ 18; HR Manual at 211 – Termination of Employment – 04/06, GNR00220).

[25] FED. R. CIV. P. 56(a).

[26] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[27] *Id.*

[28] *Id.* at 670-71.

[29] FED. R. CIV. P 56(f)(3) ("After giving notice and a reasonable time to respond, the court may… consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.").

**DISCUSSION**

**A.  No Triable Issue of Fact Exists as to the Gardners' Fifth Cause of Action for Breach of Contract Relating to Yohana Gardner and the Claim Fails as a Matter of Law**

Resolution of the Gardners' Fifth Cause of Action for breach of contract relating to Yohana Gardner turns on Yohana Gardner's employment relationship with Deseret Mutual. "The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[30]

The Gardners allege that the disciplinary policies and procedures contained in Deseret Mutual's employee handbook establish implied-in-fact contract terms precluding termination unless certain requirements are followed, *i.e.*, a prior verbal warning, followed by a written warning, and then by discipline short of termination.[31] The Gardners therefore claim that Deseret Mutual breached Yohana Gardner's employment contract when it terminated her employment without following its established disciplinary process.[32]

"An employment relationship for an indefinite term gives rise to a presumption that the employment relationship is at will."[33] "Such a relationship allows both the employer and the employee to terminate the employment for any reason and allows the employer to do so without extending any procedural safeguards to an employee."[34] However, an employee "may overcome this presumption by showing that the parties created an implied-in-fact contract, modifying the employee's at-will status."[35]

---

[30] *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388.

[31] *See* Compl. ¶¶ 130-132; Opposition re Bryce Gardner Claims at 85-90.

[32] *See* Compl. ¶¶ 133-134.

[33] *Tomlinson v. NCR Corp.*, 2014 UT 55, ¶ 11, 345 P.3d 523.

[34] *Id*. (internal quotations omitted).

[35] *Id*. (internal quotations omitted).

"The existence of such an [implied-in-fact] agreement is a question of fact which turns on the objective manifestations of the parties' intent and is primarily a jury question."[36] However, the district court "may properly determine the existence of an implied contract as a matter of law if no reasonable jury could find such a contract and if the evidence relied on by the parties presents no triable issues of fact."[37] "Evidence of an implied contact must meet the requirements for an offer of a unilateral contract."[38] "Accordingly, the employer must communicate a manifestation of intent to the employee that is sufficiently definite to constitute a contract provision."[39] "[T]he manifestation of the employer's intent must be of such a nature that the employee can reasonably believe that the employer is making an offer of employment other than employment at will."[40] "Relevant evidence of the parties' intent may include announced personnel policies, employment manuals, the course of conduct between the parties, and relevant oral representations."[41]

The Conditional Offer that Yohana Gardner received and signed when she began working at Deseret Mutual expressly provides that her employment was at-will:

> I understand and agree that my employment is for no definite period and may, regardless of the date of payment of wages and salary, be terminated at any time without prior notice, and without cause.[42]

The Employment Statement that Yohana Gardner received and signed at the outset of her employment at Deseret Mutual also expressly provides that her employment was at-will:

---

[36] *Id*. ¶ 12 (internal quotations and punctuation omitted).

[37] *Id*.

[38] *Id.* ¶ 13 (internal quotations omitted)

[39] *Id*.

[40] *Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1002 (Utah 1991).

[41] *Tomlinson*, 2014 UT 55, ¶ 12.

[42] *Supra*, Undisputed Material Facts ¶ 7.

> I understand and agree that I have received no promise from Deseret Mutual regarding potential length of employment or promotion of any kind, I further understand that I have the right to terminate my employment at any time and that Deseret Mutual retains a similar right.[43]

Deseret Mutual's HR Manual similarly sets forth multiple express statements that Deseret Mutual's employees are at-will employees, unless the employee has a separate written employment contact.[44] Specifically, Policy 106, titled "Employment-At-Will," provides:

> It is the policy of Deseret Mutual that all associates who do not have a written employment contract with Deseret Mutual for a specific, fixed term of employment are employed at the will of Deseret Mutual for an indefinite period.[45]

Comment 1 to Policy 106 further clarifies the at-will nature of Deseret Mutual's employees:

> Associates who do not have a separate, individual written employment contract are employed at the will of Deseret Mutual and are subject to termination at any time, for any reason, with or without cause or notice.[46]

Additionally, Policy 211, title "Termination of Employment," provides:

> In the absence of a specific written agreement, associates are free to resign at any time and for any reason and Deseret Mutual reserves the right to terminate employment at any time and for any reason.[47]

Yohana Gardner admitted in her deposition that she did not have a contract of employment with Deseret Mutual for a duration other than an indefinite term, and that she understood Deseret Mutual could terminate her employment at any time.[48] The Gardners, nevertheless, allege that Deseret Mutual created an implied-in-fact modification to Yohana Gardner's at-will employment status by requiring its supervisors to always follow a disciplinary

---

[43] *Id.* ¶¶ 8-9.

[44] *See id.* ¶¶ 13-14, 17.

[45] *Id*. ¶ 13.

[46] *Id*. ¶ 14.

[47] *Id*. ¶ 17.

[48] *See id.* ¶¶ 10-11.

process prior to termination that included a verbal warning, then a written warning and discipline.[49]

There is no direct evidence to support the Gardners' allegation that the policies within Deseret Mutual's employee handbook modified Yohana Gardner's at-will employment status. Nor do the undisputed material facts and competent evidence presented support a reasonable inference that Deseret Mutual somehow altered her at-will employment status. Rather, the clear and plain language of Yohana Gardner's Conditional Offer, Employment Statement, and Policies 106 and 211 of Deseret Mutual's HR Manual demonstrate that in the absence of a separate written employment contact, Yohana Gardner's employment with Deseret Mutual was at-will at the time of her hiring and remained at-will to her termination.[50] There is insufficient competent evidence of any express or implied statement within Deseret Mutual's employee handbook materials, or any oral statement of policy, suggesting that a modification of Yohana Gardner's at-will employment status occurred. This is particularly true in light of the clear and conspicuous disclaimer of contract liability within Yohana Gardner's Employment Statement and Deseret Mutual's HR Manual.[51]

"An implied-in-fact promise cannot, of course, contradict a written contract term."[52] Additionally, "Utah law allows employers to disclaim any contractual relationship that might otherwise arise from employee manuals."[53] "When an employee handbook contains a clear and conspicuous disclaimer of contractual liability, any other agreement terms must be construed in

---

[49] *See* Compl. ¶¶ 130-132; Opposition re Bryce Gardner Claims at 85-90.

[50] *See supra*, Undisputed Material Facts ¶¶ 7, 9, 13-14, 17.

[51] *See id.* ¶¶ 9, 12, 15-16.

[52] *Berube v. Fashion Ctr., Ltd.*, 771 P.2d 1033, 1044 (Utah 1989).

[53] *Tomlinson*, 2014 UT 55, ¶ 25

the light of the disclaimer."[54] Therefore, "a clear and conspicuous disclaimer, as a matter of law, prevents employee manuals or other like material from being considered as implied-in-fact contract terms."[55] "The prominence of the text, the placement of the disclaimer, and the language of the disclaimer are all relevant factors in determining whether a disclaimer is clear and conspicuous."[56]

Yohana Gardner's Employment Statement is a one-page document consisting of eight bulleted paragraphs.[57] The third bulleted paragraph contains a disclaimer of contract liability:

> I agree and understand that the contents of this handbook and all Deseret Mutual manuals dealing with employment policies are presented as a matter of information only and are not to be understood or construed as a promise or contract between Deseret Mutual and its employees.[58]

It is undisputed that Yohana Gardner received and signed the document.[59]

The disclaimer of contract liability is also restated in Policy 102 of Deseret Mutual's HR Manual, titled "Functions of Human Resources Policies," which provides:

> It is the policy of Deseret Mutual that its human resources Policies are to be used as an outline of the basic Human Resources practices and procedures for Deseret Mutual. They are not intended to alter the employment-at-will relationship in any way. (See Employment-At-Will, Policy 106.)[60]

Comment 2 of Policy 106 then clarifies that the disclaimer of contract liability cannot be modified orally or in writing by a Deseret Mutual representative:

---

[54] *Id*. (internal quotations omitted).

[55] *Id*. (internal quotations omitted).

[56] *Id*. ¶ 26.

[57] *See* Employment Statement.

[58] *Supra*, Undisputed Material Facts ¶ 9.

[59] *See id*. ¶ 8.

[60] *Id*. ¶ 12 (emphasis in original).

> No Deseret Mutual representative is authorized to modify this policy for any associate or to enter into any agreement, oral or written, that changes the at-will relationship.[61]

Comments 3 of Policy 106 further clarifies that Deseret Mutual's policies may not, collectively or individually, be construed as creating an express or implied contract that modifies the at-will employment status of its employees:

> This policy may not be modified by any statements contained elsewhere in Deseret Mutual Human Resources policies, or any other associate handbooks, employment applications, Deseret Mutual recruiting materials, Deseret Mutual memoranda, or other materials provided to applicants and associates in connection with their employment. None of these documents, whether singly or combined, create an express or implied contract of employment for a definite period, … or an express or implied contract concerning any terms or conditions of employment. Similarly, Deseret Mutual policies and practices with respect to any matter are not to be considered as creating any contractual obligation on Deseret Mutual's part or as stating in any way that termination will occur only for "just cause." Statements of specific grounds for termination set forth in Human Resources policies or in any other Deseret Mutual documents are examples only, not all-inclusive lists, and are not intended to restrict Deseret Mutual's right to terminate at will.[62]

There is no evidence suggesting that Yohana Gardner was unaware of or did not understand these policies. Rather, the undisputed material facts demonstrate that Yohana Gardner understood that she did not have a contract of employment with Deseret Mutual for a duration other than an indefinite term, and that she understood Deseret Mutual could terminate her employment at any time.[63]

The actual text of Deseret Mutual's disclaimer of contract liability in Yohana Gardner's Employment Statement was no more or less prominent then the text of other provisions in the Employment Statement.[64] Similarly, the actual text of disclaimer of contract liability in Deseret

---

[61] *Id*. ¶ 15.

[62] *Id*. ¶ 16.

[63] *See id.* ¶¶ 10-11.

[64] *See* Employment Statement.

Mutual's HR Manual was no more or less prominent then the text of other policies and comments within the HR Manual.[65] However, the headings of Policy 102, "Functions of Human Resources Policies," and Policy 106, "Employment-At-Will," where the restatement of the disclaimer of contract liability is found and discussed in the HR Policy Manual, are prominently displayed in bolded, large size font.[66] The reference to the heading of Policy 106 within the text of Policy 102 is also prominently displayed with underlining.[67]

        The multiple placements of Deseret Mutual's disclaimer of contract liability in Yohana Gardner's Employment Statement and the HR Manual further add to the disclaimer's conspicuous nature. Moreover, the plain language of the disclaimer of contract liability in each placement is clear, consistent, and unambiguous. Accordingly, Deseret Mutual's disclaimer of contract liability prevents its employee handbook materials from creating implied-in-fact contract terms that modified Yohana Gardner's at-will employment status as a matter of law.[68]

        Because there is no competent evidence of an express, written employment contract for a duration other than an indefinite term between Yohana Gardner and Deseret Mutual and no competent evidence suggesting a manifestation of Deseret Mutual's intent to create an implied-in-fact contract for a duration other than an indefinite term regarding Yohana Gardner's employment, there is no triable issue of fact that Yohana Gardner's employment was anything other than at-will. Given the undisputed material facts and the competent evidence presented, no reasonable jury could find the existence of an implied-in-fact contract between Yohana Gardner and Deseret Mutual for a duration other than an indefinite term. As such, Yohana Gardner's

---

[65] *See* HR Manual.

[66] *See id.*

[67] *See id.*

[68] *See Tomlinson*, 2014 UT 55, ¶ 25.

employment at Deseret Mutual was at-will and Deseret Mutual could terminate her employment at any time, for any reason, with or without cause or notice.[69] The Gardners' Fifth Cause of Action for breach of contract relating to Yohana Gardner therefore fails as a matter of law.

### B.  The Gardners' Seventh Cause of Action for Breach of Covenant of Good Faith and Fair Dealing Relating to Yohana Gardner Fails as a Matter of Law

Under Utah law, "[a]n implied covenant of good faith and fair dealing inheres in every contact."[70] "Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contact."[71] "Such a covenant cannot be construed, however, to establish new, independent rights or duties not agreed upon by the parties."[72] "Nor can a covenant of good faith be used to nullify a right granted by a contract to one of the parties or to require a party vested with a contract right to exercise that right in a manner contrary to that party's legitimate self-interest."[73]

In the employment contract context,

in the absence of express terms limiting the right of an employer to discharge for any or no reason and in the absence of provisions establishing procedures by which a discharge should be effectuated, it would be inconsistent to hold that an employer, on the basis of the implied covenant of good faith, is bound to a substantive limitation on the employer's right to discharge.[74]

---

[69] *See id.* ¶ 11.

[70] *Eggett v. Wasatch Energy Corp.*, 2004 UT 28, ¶ 14, 94 P.3d 193.

[71] *Id.*

[72] *Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 55 (Utah 1991).

[73] *Id.*

[74] *Id.*

In other words, the implied covenant of good faith and fair dealing "cannot be construed to change an indefinite-term, at-will employment contract into a contract that requires an employer to have good cause to justify a discharge."[75]

The undisputed material facts establish as a matter of law that no express or implied-in-fact employment contract for a duration other than an indefinite term existed between Yohana Gardner and Deseret Mutual. Yohana Gardner's employment at Deseret Mutual was therefore at-will and Deseret Mutual had the right to terminate her employment at any time, for any reason, with or without cause or notice.[76] Accordingly, because the implied covenant of good faith and fair dealing cannot be construed to alter Deseret Mutual's right to terminate Yohaha Gardner at-will,[77] the Gardners' Seventh Cause of Action for breach of covenant of good faith and fair dealing relating to Yohana Gardner fails as a matter of law.

## ORDER

IT IS HEREBY ORDERED that the Gardners' Fifth Cause of Action for breach of contract and Seventh Cause of Action for breach of covenant of good faith and fair dealing relating to Yohana Gardner are DISMISSED WITH PREJUDICE.

Dated May 3, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[75] *Id*.

[76] *See Tomlinson*, 2014 UT 55, ¶ 11.

[77] *See Brehany*, 812 P.2d at 55.